STATE OF WEST VIRGINIA
SUPREME COURT OF APPEALS

FILED

May 23, 2016

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **S.B., J.B., and C.M.**

**No. 15-1016** (Braxton County 14-JA-71, 14-JA-72, & 14-JA-73)

MEMORANDUM DECISION

Petitioner Mother S.B., by counsel Daniel K. Armstrong, appeals the Circuit Court of Braxton County's October 14, 2015, order terminating her parental rights to one-year-old S.B., three-year-old J.B., and seven-year-old C.M. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Lee Niezgoda, filed its response in support of the circuit court's order and a supplemental response. The guardian ad litem ("guardian"), David Karickhoff, filed a response on behalf of the children also in support of the circuit court's order and also filed a supplemental response. On appeal, petitioner argues that the circuit court erred in denying the DHHR's motion to withdraw its motion to terminate her parental rights and extend her improvement period. Petitioner also argues that the circuit court erred in terminating her parental rights without a proper family case plan and improperly relied upon evidence that was not admitted during the dispositional hearing.[1]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In October of 2014, the DHHR filed an abuse and neglect petition against petitioner alleging that she abused drugs. In support of the petition, the DHHR alleged that petitioner tested positive for opiates on October 22, 2014, and gave birth to S.B., who also tested positive for opiates. Furthermore, petitioner admitted that she ingested one hydrocodone approximately two days prior to the birth of S.B.[2] In November of 2014, the circuit court held an adjudicatory hearing during which petitioner stipulated to certain allegations in the amended petition. Specifically, petitioner admitted that she and S.B. tested positive for opiates on October 22,

---

[1]We note that West Virginia Code §§ 49-1-1 through 49-11-10 were repealed and recodified during the 2015 Regular Session of the West Virginia Legislature. The new enactment, West Virginia Code §§ 49-1-101 through 49-7-304, has minor stylistic changes and became effective ninety days after the February 19, 2015, approval date. In this memorandum decision, we apply the statutes as they existed during the pendency of the proceedings below.

[2]The DHHR filed an amended petition for abuse and neglect adding two additional children and additional allegations that are not at issue in this memorandum decision.

1

2014, that she tested positive for marijuana on July 9, 2014, and that she took one hydrocodone pill approximately two days before S.B. was born. Accordingly, the circuit court found that petitioner was an "abusive and neglectful" parent.[3]

Thereafter, the circuit court held a dispositional hearing in January of 2015, during which it heard testimony from a Child Protective Services ("CPS") worker.[4] Based upon the worker's testimony, the circuit court granted petitioner a six-month improvement period. The terms and conditions of petitioner's improvement period required her, in part, to participate in substance abuse treatment, to submit to random drug and alcohol screens, and to remain drug and alcohol free. After approximately five months of services, the DHHR filed a court summary which recommended that the children be transitioned back into petitioner's care because she "has complied with the terms and condition of her improvement period" and has screened negative on all drug tests.[5] Subsequently, the DHHR filed a second court summary which stated that the "DHHR would not object to an extension of the improvement period, if the court deems appropriate," because petitioner produced one positive and one diluted drug screen. Consequently, the DHHR filed a motion to terminate petitioner's parental rights based upon her single positive drug screen.

In September of 2015, the circuit court held a dispositional hearing. A CPS worker testified that despite its motion to terminate petitioner's parental rights, the DHHR was no longer seeking termination because petitioner was compliant with services, is willing and able to remain drug free, entered outpatient drug therapy on her own volition, has a strong bond with the "children," continues to make improvements, and has remained drug-free since her lone positive test, with the exception of one diluted screen on August 7, 2015. Petitioner testified that she was attending Alcohol and Narcotics Anonymous meetings and learning from her outpatient drug treatment. At the conclusion of the hearing, the circuit court found that petitioner was unwilling to cooperate with services and terminated her parental rights. This appeal followed.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when,

---

[3]The circuit court did not enter an adjudicatory order until June 22, 2015. We remind circuit courts that pursuant to Rule 27 of the Rules of Procedure for Child Abuse and Neglect Proceedings, "[t]he [circuit] court shall enter an order of adjudication, including findings of fact and conclusions of law, within ten (10) days of the conclusion of the hearing[.]"

[4]The parties did not include a copy of the transcript from the dispositional hearing as part of the appendix record.

[5]Thereafter, the children were physically placed back in petitioner's care.

although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner argues that the circuit court erred in denying the DHHR's motion to withdraw its motion to terminate her parental rights. Stated another way, petitioner argues that the circuit court erred in denying her motion to extend her improvement period. West Virginia Code § 49-4-610(6) provides that "[a] [circuit] court may extend any improvement period . . . when the [circuit] court finds that the respondent has substantially complied with the terms of the improvement period[.]"[6] We have also held that the word "may" is permissive and connotes discretion. *See Gebr. Eickhoff Maschinenfabrik Und Eisengieberei mbH v. Starcher*, 174 W.Va. 618, 626 n. 12, 328 S.E.2d 492, 500 n. 12 (1985) ("An elementary principle of statutory construction is that the word 'may' is inherently permissive in nature and connotes discretion." (citations omitted)).

Upon review of the record, we find no error in the circuit court's denial of extending petitioner's improvement period. In this case, the record establishes that petitioner failed to meet her burden for an extension of her improvement period. It is undisputed that petitioner failed one drug test, shortly after the DHHR placed the children back in her care and produced one diluted drug screen in violation of the terms and conditions of her improvement period. For these reasons, it was not error for the circuit court to deny petitioner an extension of her improvement period.

Next, petitioner argues that the circuit court erred in terminating her parental rights without filing a proper family case plan pursuant to Rule 28(d) of the Rules of Procedure for Child Abuse and Neglect Proceedings.[7] With regard to the Rules of Procedure for Child Abuse and Neglect Proceedings, this Court has stated that

> "[w]here it appears from the record that the process established by the Rules of Procedure for Child Abuse and Neglect Proceedings and related statutes for the disposition of cases involving children [alleged] to be abused or neglected has been substantially disregarded or frustrated, the resulting order . . . will be vacated and the case remanded for compliance with that process and entry of an

---

[6] Because the dispositional hearing in this matter took place on September 3, 2015, which is after the day the new version of West Virginia Code §§ 49-1-101 through 49-7-304 went into effect, the Court will apply the revised versions of those statutes on appeal.

[7] Rule 28 requires the DHHR to file a report containing specific information when seeking the termination of parental rights, such as "a description of the efforts made by the [DHHR] to prevent the need for placement . . . ."

appropriate . . . order." Syllabus point 5, in part, *In re Edward B.*, 210 W.Va. 621, 558 S.E.2d 620 (2001).

Syl. Pt. 3, *In re Emily G.*, 224 W.Va. 390, 686 S.E.2d 41 (2009).

While petitioner is correct that the DHHR failed to file an amended family case plan seeking termination, we do not find reversible error on this issue under the specific limited circumstances of this case. The record on appeal in this case is clear that the DHHR filed a motion to terminate petitioner's parental rights on August 3, 2015, which was one month before the final dispositional hearing. West Virginia Code § 49-4-601, clearly provides that "[i]n any proceeding . . . the party . . . having custodial or other parental rights . . . to the child [must] be afforded a meaningful opportunity to be heard, including the opportunity to testify and to present and cross-examine witnesses." Here, petitioner was provided with notice well in advance of the dispositional hearing that the DHHR was seeking termination of her parental rights, testified during the dispositional hearing, and was permitted to cross-examine witnesses. For these reasons, we cannot find that the Child Abuse and Neglect Rules or statutory framework have been substantially disregarded or frustrated such that reversal is required. Therefore, for the foregoing reasons, we find no reversible error in this regard.

Lastly, petitioner argues that the circuit court erred in considering the evidence of her failed and diluted drug screen when the results were not admitted during the dispositional hearing. Upon review of the appendix record, we find no error because petitioner's argument lacks merit. The record is devoid of any reference that the circuit court relied upon the physical results of petitioner's drug screens. It is undisputed that petitioner testified that she failed a drug test and submitted a diluted drug screen, which the circuit court properly considered. As such, we find no error in this regard.

For the foregoing reasons, we find no error in the circuit court's October 14, 2015, order, and hereby affirm the same.

Affirmed.

**ISSUED**: **May 23, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II

DISSENTING:

Justice Robin Jean Davis

4